619 A.2d 119

**STATE of Maryland**

v.

**Ronald BAXTER.**

**No. 86, Sept. Term, 1992.**

Court of Appeals of Maryland.

Feb. 8, 1993.

Gary E. Bair, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for petitioner.

Ray L. Earnest (Broughton M. Earnest, both on brief), Easton, for respondent.

Argued before ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired, Specially Assigned).

CHARLES E. ORTH, Jr., Judge, Specially Assigned.

I

A

 One of the rights guaranteed an accused in criminal proceedings by the Fifth Amendment to the Constitution of the United States is that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." This prohibition applies to state criminal proceedings through the Fourteenth Amendment to the Constitution of the United States.[1] *See Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); *State v. Crutchfield,* 318 Md. 200, 201, 567 A.2d 449 (1989), *cert. denied,* 495 U.S. 905, 110 S.Ct. 1926, 109 L.Ed.2d 289 (1990).

---

1. "The Maryland Constitution contains no express prohibition against double jeopardy." *Huff v. State,* 325 Md. 55, 65, 599 A.2d 428 (1991). We recognize, however, a common law concept of double jeopardy.

In *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548, decided 29 May 1990, a majority of the Supreme Court of the United States declared that

the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

495 U.S. at 521, 110 S.Ct. at 2093. "Similarly," the Court noted,

if in the course of securing a conviction for one offense the State necessarily has proved the conduct comprising all of the elements of another offense not yet prosecuted (a "component offense"), the Double Jeopardy Clause would bar subsequent prosecution of the component offense.

*Id.* at 521 n. 11, 110 S.Ct. at 2093 n. 11.

### B

Ronald Baxter called upon the Double Jeopardy Clause as interpreted by *Grady* to obtain the dismissal of an indictment returned against him and filed in the Circuit Court for Talbot County on 28 May 1991. The indictment presented that Baxter

on or about October 25, 1990, in Talbot County, Maryland, unlawfully did conspire with Lawrence Patrick McSweeney to violate the Controlled Dangerous Substances Laws, in violation of Article 27, Section 290 of the Annotated Code of Maryland.[2]

Baxter filed a motion to dismiss the indictment on the ground that prosecution under it was barred by the Double Jeopardy Clause. Upon a hearing at which the issue was

---

**2.** Md.Code (1957, 1992 Repl.Vol.) Art. 27, § 290 prescribes the punishment upon conviction of any person "who attempts, endeavors or conspires to commit any offense defined in [the Controlled Dangerous Substances Laws]...."

fully argued, the Circuit Court for Talbot County granted the motion and dismissed the indictment.

It was not disputed that Baxter had been arrested on 25 October 1990 and that a search incident thereto uncovered seven grams of cocaine in his possession. He was charged with possession of cocaine with intent to distribute and with simple possession of that narcotic. On 29 May 1991, he was found guilty of simple possession but acquitted of possession with intent to distribute. At the time of Baxter's arrest on 25 October 1990, an investigation was under way by state police. This investigation led to the indictment on 28 May 1991 charging Baxter with conspiracy. The hearing judge explained his dismissal of the indictment:

> [O]n the facts of this case as presented to the court, the prosecution would seek to establish an essential element of the crime of conspiracy, by proving the conduct for which the defendant was convicted in the first prosecution for possession, and possession of an amount sufficient to indicate an intent to distribute. The court feels that that is in clear violation of the ruling of *Grady versus Corbin,* and therefore the defendant's motion to dismiss is granted.

The State appealed. The Court of Special Appeals affirmed the judgment of the circuit court. *State v. Baxter,* 92 Md.App. 213, 607 A.2d 120 (1992). We granted the State's petition for a writ of certiorari.

## II

Subsequent to the dismissal of the indictment (2 October 1991) but prior to decision by the Court of Special Appeals (29 May 1992), the Supreme Court of the United States decided *United States v. Felix,* —— U.S. ——, 112 S.Ct. 1377, 118 L.Ed.2d 25 (25 March 1992). The Court, at —— U.S. at ——, 112 S.Ct. at 1383, quoted its ruling in *Grady* that the Double Jeopardy Clause bars a prosecution where the Government, "to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. 495 U.S. at 521, 110 S.Ct. at

 

2093." The Court recognized that some courts, "with considerable justification" have relied upon that language to support a conclusion that the Double Jeopardy Clause bars a subsequent prosecution for conspiracy in circumstances comparable to those with respect to Baxter, —— U.S. at ——, 112 S.Ct. at 1383. The Court acknowledged that the *Grady* ruling "[t]aken out of context, and read literally, . . . supports the defense of double jeopardy." —— U.S. at —— – ——, 112 S.Ct. at 1383–84. "But," the Court declared,

> we decline to read the language so expansively, because of the context in which *Grady* arose and because of difficulties which have already arisen in its interpretation.

—— U.S. at ——, 112 S.Ct. at 1384. The Court flatly stated:

> We hold that prosecution of a defendant for conspiracy, where certain of the overt acts relied upon by the Government are based on substantive offenses for which the defendant has been previously convicted, does not violate the Double Jeopardy Clause.

—— U.S. at ——, 112 S.Ct. at 1380. It called attention to the long-standing rule that

> a substantive crime, and a conspiracy to commit that crime, are not the "same offense" for double jeopardy purposes.

—— U.S. at ——, 112 S.Ct. at 1384. The Court thought it best not to enmesh in such subtleties[, as were indulged in by lower courts on the matter,] the established doctrine that a conspiracy to commit a crime is a separate offense from the crime itself.

—— U.S. at ——, 112 S.Ct. at 1385. Thus, in the case before us, since the conspiracy charge against Baxter was a separate offense distinct from any crime for which he had been previously prosecuted, the Double Jeopardy Clause does not bar his prosecution on that charge.

The Court of Special Appeals acknowledged that, in the light of *Felix*, the State may proceed with the prosecution of Baxter for conspiracy. It said:

> Following *Felix*, it is now clear that the trial judge's ruling that *Grady* barred a subsequent prosecution for

conspiracy based on previously prosecuted substantive offenses is no longer tenable.

*State v. Baxter,* 92 Md.App. at 216, 607 A.2d 120. The State, relying on *Felix,* asserted that there is now no bar to its prosecution of Baxter for conspiracy. The Court of Special Appeals, however, did not agree. It reached out to the doctrine of collateral estoppel, suggested by Baxter in his brief, and embraced it to conclude that, despite *Felix,* Baxter may not be prosecuted for conspiracy.

### III

■ The intermediate appellate court recognized that the issue of collateral estoppel had not been raised and determined below. It looked, however, to Md.Rule 8–131(a), which authorizes the appellate court to decide an issue not raised below "if necessary or desirable to guide the trial court or to avoid the expense and delay of another appeal." It asserted that it had "considered the sufficiency of the record with respect to [collateral estoppel] raised by Baxter" and stated, "[W]e will exercise our discretion to review" that issue. 92 Md.App. at 217, 607 A.2d 120. Even if the exercise of discretion were sound in the circumstances, *but see Robeson v. State,* 285 Md. 498, 501–502, 403 A.2d 1221 (1979), *cert. denied,* 444 U.S. 1021, 100 S.Ct. 680, 62 L.Ed.2d 654 (1980), the conclusion that the doctrine of collateral estoppel precluded the prosecution of Baxter for conspiracy was ill come by.

Judge Eldridge, speaking for the Court in *Ferrell v. State,* 318 Md. 235, 567 A.2d 937, *cert. denied,* 497 U.S. 1038, 110 S.Ct. 3301, 111 L.Ed.2d 810 (1990), made perfectly clear that the question of collateral estoppel must be determined on an adequate record. He pointed out:

[I]n determining whether the State at a subsequent trial is attempting to relitigate an issue which was resolved in the defendant's favor at an earlier trial, a court must realistically look at the record of the earlier trial, including the pleadings, the evidence, the prosecution's theory, the disputed issues, and the jury instructions.

318 Md. at 245, 567 A.2d 937. There is no way in which the Court of Special Appeals could have followed the dictates of *Ferrell* for the simple reason that no record of the earlier trial of Baxter was before it. *See Apostoledes v. State,* 323 Md. 456, 464 and 466–467, 593 A.2d 1117 (1991). It is apparent that the determination of the intermediate appellate court that the prosecution of Baxter for conspiracy was barred by collateral estoppel could not be based upon a realistic look at the record of the earlier trial in the absence of a record of that trial. The intermediate appellate court's holding that the State's prosecution of Baxter for conspiracy was barred by collateral estoppel was based on the State's proffer at the hearing on the motion to dismiss as to the circumstances of Baxter's arrest leading to his earlier trial. 92 Md.App. at 217, 607 A.2d 120. The proffer by the State in no way was sufficient to obviate the court's obligation to realistically look at the earlier trial, including the pleadings, the evidence, the prosecution's theory, the disputed issues, and the jury instructions.

At the hearing on the motion to dismiss, the State also proffered the testimony of an undercover police officer who would testify that the alleged co-conspirator had told the officer that Baxter was a part of a drug conspiracy. Although the hearing court did not formally rule on the State's proffer, the Court of Special Appeals held that "this proffered testimony on the part of the State, in the absence of some independent proof of the existence of a conspiracy, was patently inadmissible." 92 Md.App. at 224–225, 607 A.2d 120. The court used this holding to buttress its conclusion that collateral estoppel barred the prosecution for conspiracy. The appellate court's ruling was at best premature. It is the function of the trial judge in the first instance to determine the admissibility of evidence when it is offered at trial.

## IV

The State's petition for its writ of certiorari presented one question:

Whether the Court of Special Appeals erred in affirming, on the bases of collateral estoppel and "insufficiency of evidence," the trial court's pre-trial dismissal of the charge of conspiracy to distribute cocaine against Baxter, based on Baxter's prior acquittal on a charge of possession with intent to distribute?[3]

The answer is, "Yes, it did so err." Accordingly,

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED;

CASE REMANDED TO THAT COURT WITH DIRECTION TO REMAND THE CASE TO THE CIRCUIT COURT FOR TALBOT COUNTY WITH DIRECTION TO STRIKE THE ORDER DISMISSING THE INDICTMENT SO THE CASE MAY PROCEED TO TRIAL;

COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY RESPONDENT.

---

**3.** In fact, as we have seen, *supra*, the indictment charged Baxter with conspiring to violate the Controlled Dangerous Substances Laws. The hearing judge found that proof of the conspiracy looked to the conviction of Baxter at the earlier trial for possession of cocaine, a violation of the Controlled Dangerous Substances Laws.